IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ANTHONY E. DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIV-14-78-HE |
| REECE LANE, et al., | ) ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state detainee appearing *pro se* and *in forma pauperis*, brings this hybrid civil rights and habeas action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2241 or § 2254. In his Complaint filed January 27, 2014, Plaintiff asserts that he is a detainee in the Payne County Jail and names the jail's administrator, Reece Lane, and the State of Oklahoma as Defendants. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that, to the extent Plaintiff seeks relief under 42 U.S.C. § 1983, the action be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and on immunity grounds. It is further recommended that, to the extent Plaintiff seeks relief under 28 U.S.C. § 2241 or § 2254, that the action be dismissed without prejudice pursuant to the Younger abstention doctrine.

In his Complaint, Plaintiff asserts the following generalized and conclusory statements

in support of his cause of action: "Due process, Discovery misconduct, exculpatory evidence, substantive due process, habeas corpus, prosecution misconduct, and amendment 6th and 14th." Complaint, at 3 (ECF page 4). As supporting facts, Plaintiff asserts in the Complaint that he has "several health and medical issues-one I have stage 4 cancer and Im [sic] on 13 diffrent [sic] pills and this faelity [sic] is not supplying the medicine that I require and will not take me to any appoints [sic] and this cancer is very aggreive [sic] and it is located in my left testicale [sic] please help with these issue [sic]. My left tetecale [sic] was removed in 2013 and the doctor did not do biops [sic] on my tetecale [sic] before removing it and the cancer spread thru my body." Id. As relief, Plaintiff requests "that all parties that are involved in these actions be brung [sic] to Justice not only me as a Inmate who is used and done as the term of (horse tradeing)[sic] and to the future of Inmates at payne co. and payne co. Jail were there [sic] civil and consitutial [sic] rights are being broken on a daily basis witch [sic] they are Discovery Misconduct, evidentiary misconduct, and obstruction of Justice." Complaint, at 5.

Public records of the Payne County District Court, of which the undersigned takes notice, reflect that Plaintiff is being detained pending a sentencing proceeding in Case Nos. CF-2012-837 and CM-12-636, which is scheduled for April 25, 2014.[1] These records further show that following a plea proceeding conducted on May 9, 2013, Plaintiff was released on

---

[1] http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=262672&db=Payne;http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=252879&db=Payne.

2

a personal recognizance bond and directed to appear before the community sentencing division of the Oklahoma Department of Corrections for a level of services inventory. He failed to appear for this inventory and also failed to appear for a scheduled court hearing. The district court ordered his bond forfeited, and a bench warrant was issued for his failure to appear. Plaintiff was subsequently detained on December 31, 2013, pursuant to the warrant.

I. Statutory Screening of Prisoner Complaints

Federal district courts must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the court must dismiss a complaint, or any portion of it, presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the court must accept the plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Eleventh Amendment Immunity

With respect to Plaintiff's claims against Defendants under 42 U.S.C. § 1983, Plaintiff has not expressly sought damages. The gist of his allegations is that he is not being provided adequate medical care to treat his testicular cancer. As relief, Plaintiff asks only that the Defendants Payne County Jail Administrator Reece Lance and the State of Oklahoma be "brung [sic] to Justice . . . ." Nevertheless, assuming that Plaintiff is requesting monetary damages, states are entitled to immunity under the Eleventh Amendment unless the State has waived its immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)(holding neither a State nor its officials acting in their official capacities are "persons" under § 1983); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)(holding "the principle of sovereign immunity is a constitutional limitation on the federal judicial power," but that a State's sovereign immunity may be waived by an unequivocal expression of waiver).

Although in some circumstances Congress may abrogate a State's sovereign immunity by legislation, 42 U.S.C. § 1983 does not abrogate the sovereign immunity of a State. See Quern v. Jordan, 440 U.S. 332, 345 (1979)(§ 1983 does not waive States' sovereign immunity). Moreover, Oklahoma has not consented to Plaintiff's suit against the State. See

4

Ramirez v. Okla. Dep't of Mental Health, 41 F.3d 584, 589 (10th Cir. 1994)("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court."). Thus, the Eleventh Amendment bars Plaintiff's § 1983 action seeking damages against Defendant State of Oklahoma, and Defendant State of Oklahoma should be dismissed from the action with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) on this basis.

III. Personal Participation

With respect to Plaintiff's 42 U.S.C. § 1983 action against Defendant Lane, and assuming Plaintiff is seeking damages, Plaintiff has not stated a plausible claim for relief against Defendant Lane. "Individual liability under §1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997); see Jenkins v. Wood, 81 F.3d 988, 994-995 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.")(internal citation omitted); Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)("personal participation is an essential allegation in a § 1983 claim")(brackets and quotation marks omitted).

To the extent Plaintiff seeks relief against Defendant Lane under 42 U.S.C. § 1983, Plaintiff alleges in the Complaint that Defendant Lane is the administrator of the Payne County Jail, but Plaintiff does not allege any actions taken by Defendant Lane or allege that Defendant Lane participated in or was in any way linked to the conduct that allegedly violated Plaintiff's constitutional rights.

"Section 1983 does not authorize liability under a theory of respondeat superior."

5

Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011). Thus, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct," not the conduct of individuals being supervised. Aschcroft v. Iqbal, 556 U.S. 662, 677 (2009). See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.")(internal quotations omitted). "The plaintiff therefore must show an 'affirmative link' between the supervisor and the constitutional violation." Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 767 (10th Cir. 2013).

To sufficiently allege the personal involvement of a supervisor, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. The plaintiff must also "show that the defendant's alleged action(s) caused the constitutional violation." Schneider, 717 F.3d at 768. See Wilson v. Montano, 715 F.3d 847, 858 (10th Cir. 2013)("To establish a violation of §1983 by a defendant-supervisor, the plaintiff must establish, at a minimum, a deliberate and intentional act on the part of the supervisor to violate the plaintiff's legal rights.").

Plaintiff's Complaint is devoid of allegations that show an affirmative link between Defendant Lane and the alleged constitutional violation(s). Plaintiff alleges only that he has sent numerous sick call requests to the jail's medical staff. He does not allege that Defendant Lane has taken any deliberate action to delay or deny Plaintiff's access to medical treatment. Consequently, Plaintiff has failed to state a plausible § 1983 claim for relief against Defendant Lane, and the cause of action against Defendant Lane should be dismissed without

prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

IV. Younger Abstention

Plaintiff asserts that 28 U.S.C. § 2241 and 28 U.S.C. § 2254 also provide jurisdictional bases for his cause of action. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court established the doctrine that federal court abstention is mandatory when there is a pending state proceeding, as long as three factors are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

Chapman v. Oklahoma, 472 F.3d 747, 749 (10th Cir. 2006)(quotation and citation omitted). There is no doubt that Plaintiff's habeas claims relate to an ongoing state criminal proceeding. "[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims." Moore v. Sims, 442 U.S. 415, 425-426 (1979). There is also no doubt that the State of Oklahoma's prosecution of crimes occurring within its jurisdiction is an important state interest.

Plaintiff has the right under Oklahoma law to appeal his plea-based convictions. Oklahoma law provides a convicted defendant ten days from the date of pronouncement of the judgment and sentence in which to move to withdraw a guilty plea. See Okla. Ct. Crim. App. R. 4.2(A), Okla. Stat. tit. 22, Ch. 18, App. If the trial court denies the motion to withdraw, the defendant may then appeal by way of a petition for writ of certiorari. Clayton v. Jones, 700

7

F.3d 435, 441 (10th Cir. 2012). Thus, Plaintiff has not shown that the state forum is inadequate to pursue his habeas claims. Accordingly, to the extent Plaintiff seeks habeas relief pursuant to 28 U.S.C. § 2241 or § 2254, the cause of action should be dismissed without prejudice pursuant to the Younger abstention doctrine.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that, as to Plaintiff's cause of action seeking damages pursuant to 42 U.S.C. § 1983, the action be dismissed without prejudice for failure to state a claim upon which relief may be granted and on the basis of Eleventh Amendment immunity. It is further recommended that, as to Plaintiff's cause of action seeking habeas relief pursuant to 28 U.S.C. §§ 2241 or 2254, the action be dismissed without prejudice pursuant to the Younger abstention doctrine. Plaintiff's Motion to Appoint Counsel (Doc. # 9) is DENIED.

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by      March 18th   , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  26th  day of   February  , 2014.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE