IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY E. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-0078-HE |
| | ) | |
| REECE LANE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, a state detainee appearing *pro se* and *in forma pauperis* filed this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2241 or § 2254. The matter was referred to Magistrate Judge Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), who has recommended that plaintiff's claims be dismissed. Plaintiff has filed both an objection to the Report and Recommendation and an amended complaint.

As explained by the magistrate judge, plaintiff pleaded guilty in the District Court of Payne County to larceny of merchandise from a retailer, writing a bogus check, and possession of a controlled dangerous substance. He is being detained pending sentencing, which is scheduled for April 25, 2014. Plaintiff principal complaint is that defendants are not providing him with adequate medical care for his testicular cancer. He initially sued Reece Lane, identified as the jail administrator, and the State of Oklahoma. He then added Dee Miller, identified as the head P.O. officer and a D.O.C. officer, as another defendant.

The court agrees with the magistrate judge that plaintiff's § 1983 claim against the State of Oklahoma fails to the extent he is seeking money damages because the State is

entitled to Eleventh Amendment immunity.[1] To the extent plaintiff is seeking injunctive relief from the State and, assuming he has sued a state employee in his official capacity (defendant Miller), plaintiff's claim fails for lack of allegations of personal participation. Plaintiff has not alleged what defendant Miller did to violate plaintiff constitutional rights, what he did or did not do that kept plaintiff from getting his medicine or to his appointments. The same lack of allegations of personal participation by defendant Lane require that plaintiff's claims against him be dismissed also. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

To the extent plaintiff is seeking habeas relief – he alleges a due process violation, vindictive prosecution, prosecutorial misconduct, etc, – the court concurs with the magistrate judge that abstention is mandatory under <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Plaintiff's habeas claims must be dismissed.

Accordingly, the court adopts Magistrate Judge Purcell's Report and Recommendation. Plaintiff's § 1983 claim for monetary relief against the State of Oklahoma is dismissed with prejudice. His remaining § 1983 claims against defendants Lane and Miller and the State, insofar as he seeks injunctive relief, are dismissed without prejudice. Plaintiff's § 2241 and 2254 habeas claims also are dismissed without prejudice. As plaintiff may be able to correct some of the pleading deficiencies in the complaint, he is GRANTED until **May 24, 2014**, to file an amended § 1983 complaint.

Plaintiff's motion for appointed counsel is **DENIED** as the court concludes an

---

[1]The magistrate judge assumed plaintiff was seeking damages.

2

appointment is not warranted at this time under the facts pleaded. The court notes, though, that the docket sheet in plaintiff's criminal case, a public record, reflects that plaintiff has court appointed counsel, who should be able to provide plaintiff assistance with obtaining any needed immediate medical care.

**IT IS SO ORDERED**.

Dated this 11th day of March, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE